**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

**CHARLES WALLER and VALERIE WALLER**

  **Plaintiffs,**

**v.**

**CERTAIN UNDERWRITERS AT LLOYD'S, LONDON**

  **Defendant.**

**CIVIL ACTION**

**NO. _____**

**JURY TRIAL REQUESTED**

---

## COMPLAINT

---

    **NOW INTO COURT**, through undersigned counsel, come Plaintiffs, **CHARLES and VALERIE WALLER (hereinafter "Plaintiff" or "Plaintiffs")**, who respectfully represent as follows.

### <u>PARTIES</u>

1.

    The parties herein are:

    Plaintiff, **CHARLES WALLER**, is a natural person of the full age of majority who is domiciled in Orleans Parish, Louisiana;

    Plaintiff, **VALERIE WALLER**, is a natural person of the full age of majority who is domiciled in Orleans Parish, Louisiana; and

    Made defendant herein is **CERTAIN UNDERWRITERS AT LLOYD'S, LONDON (hereinafter "Defendant")** a foreign insurance company authorized to do and doing business in the State of Louisiana that can be served through the Louisiana Secretary of State, 8585 Archives Avenue, Baton Rouge, Louisiana 70809.

Upon information and belief, **Defendant** is duly authorized to conduct insurance business in the State of Louisiana. Upon information and belief, **Defendant**, at all material times, has conducted business within the State of Louisiana, including engaging in the business of selling insurance, investigating claims, and/or issuing policies that cover policyholders, property, or activities located in Louisiana.

## JURISDICTION AND VENUE

2.

Jurisdiction is proper in this Court pursuant to 28 U. S. C. 1332, as this is a controversy between citizens of different states and the matter in controversy exceeds $75,000 exclusive of interest and costs.

3.

Pursuant to 28 U.S.C. 1391(b), venue is proper in the Eastern District of Louisiana, because the property that is subject to this action and where the damages were sustained occurred within the Eastern District of Louisiana.

## FACTUAL BACKGROUND

4.

**CERTAIN UNDERWRITERS AT LLOYD'S, LONDON** insured the Plaintiffs' property located at 14 Grand Cypress Court, New Orleans, Louisiana 70131, under Policy No. BMSA3175605, which was in full force and effect on August 29, 2021.

5.

Where used herein, **CERTAIN UNDERWRITERS AT LLOYD'S, LONDON** refers to not only the named entity but to anyone acting for or on behalf of **CERTAIN UNDERWRITERS AT LLOYD'S, LONDON** in relation to the claim of Plaintiff, including the employees,

contractors, adjusters and agents of **CERTAIN UNDERWRITERS AT LLOYD'S, LONDON** or anyone providing services to **CERTAIN UNDERWRITERS AT LLOYD'S, LONDON** relating to the claims of Plaintiff.

6.

Hurricane Ida struck the Gulf Coast including New Orleans, Louisiana on August 29, 2021, making landfall around 11:55 A.M. on August 29, 2021, near Port Fourchon, Louisiana, as a strong Category 4 hurricane. Hurricane and tropical storm force winds thrashed the surrounding areas, including the location of the insured property, for several hours.

7.

The above property was damaged as a result of winds associated with Hurricane Ida.

8.

**Defendant** was notified of the losses to the Plaintiffss' properties located at 14 Grand Cypress Court, New Orleans, Louisiana 70131, and was provided with satisfactory proof of loss when it was given full access to inspect all damages at the insured property without limitation.

9.

Plaintiffs have received an estimate from Defendant which misrepresented the extent and nature of the damage to the home and underestimated the amount needed to repair the home.

10.

Platinum Public Adjusters, the public adjuster retained by the Plaintiffs, prepared an estimate of the damages to the Plaintiffs' home. The estimate approximated damages in the amount of $400,139.25. This estimate along with objective photographs of the damages were promptly provided to **Defendant**.

11.

**Defendant's** failure to fully pay for the damages in a timely manner put the Plaintiffs in an impossible situation in which they have had to live in a damaged home in unacceptable conditions for nearly two years.

12.

Plaintiffs first invoked appraisal under the terms of the Policy on or about January 5, 2023. Defendant refused appraisal on the grounds that it was too early to invoke appraisal.

13.

Plaintiffs subsequently invoked appraisal a second time. Defendant refused to respond to the invocation.

14.

Plaintiffs made an amicable demand upon **Defendant** to no avail.

15.

To date, **CERTAIN UNDERWRITERS AT LLOYD'S, LONDON** has failed to fully pay for the damages sustained to the Plaintiff's home.

## CAUSES OF ACTION

### (Count I – Breach of Contract)

16.

Plaintiffs adopt and re-allege each allegation contained in this Petition as if set out anew herein.

15.

As set forth above, Plaintiffs entered a contract of insurance with **Defendant** that provides coverage for the damages claimed pursuant to the relevant insurance claim subject to this matter.

16.

Defendant has failed to indemnify Plaintiffs for all covered damages, despite receiving satisfactory proof of losses covered under the subject policy of insurance, and in so doing Defendant has breach its contractual obligations to timely pay the amount owed under the policy.

17.

Defendant unjustifiably failed and/or refused to perform its obligations under the Policy and wrongfully denied or unfairly limited payment of the Plaintiffs' claims.

18.

As the direct and proximate result of Defendant's breach, Plaintiffs have suffered actual and consequential damages.

19.

By virtue of various breaches of contract, including its failure to fully reimburse Plaintiffs for the covered losses, Defendant is liable to and owes Plaintiffs for the actual and consequential damages sustained as a foreseeable and direct result of the breach, all costs associated with recovering, repairing and/or replacing the covered property, together with all other damages Plaintiff may prove as allowed by law.

**(Count II – La. R.S. §§ 22:1892 and 22:1973)**

20.

Plaintiffs repeat, reiterate, and re-allege each and every allegation set forth in the paragraphs above as if fully set forth herein.

21.

Louisiana Revised Statute 22:1973 imposes on insurers in first party claims a duty of good faith and fair dealing which includes an affirmative duty to adjust claims fairly and promptly and to make reasonable efforts to settle claims with insureds. Section 1973 requires payment of any claim due to an insured within 60 days of proof of loss. Any insurer who breaches the obligations imposed by Section 1973 is liable for damages sustained as a result of the breach as well as a penalty of up to two-times the damages sustained.

22.

Louisiana Revised Statute 22:1892 obligates an insurer, such as Defendant, to pay the amount due to any insured within 30 days after satisfactory proof of loss and states that failure to make such payments subjects the insurer to a penalty, in addition to the amount of the loss, of fifty percent damages on the amount due from the insurer to the insured, as well as reasonable attorney fees and costs.

23.

Louisiana law requires that an insurer unconditionally tender the amounts due an insured in order to satisfy its payment obligations under the above-referenced statutes. More than 60 days have passed since Defendant was presented with satisfactory proof of loss and Defendant still has not made an unconditional tender of the amount owed.

24.

As a result of Defendant's failure to timely pay the undisputed amounts owed, Plaintiffs have suffered and continue to suffer damages for which Defendant is liable including but not

limited to mental anguish, aggravation, and inconvenience. Defendant's failure to unconditionally tender the amounts owed to Plaintiffs within 60 days of receipt of satisfactory proof of loss was arbitrary, capricious, or without probable cause.

25.

In addition to actual damages for its breach of the statute, Defendant is additionally liable to Plaintiffs for a penalty on top of the actual damages of up to two times the actual damages sustained or five thousand dollars, whichever is greater.

26.

Defendant is and continues to be in violation of both Louisiana Revised Statute 22:1892 and 22:1973 and is liable unto Plaintiffs for damages, statutory penalties, attorney fees, interest, and costs.

## **DAMAGES**

27.

Plaintiffs repeat, reiterate and re-allege each and every allegation set forth in the paragraphs above as if fully set forth herein.

28.

Plaintiffs show that all of the aforementioned acts, taken together or singularly, constitute the producing causes of damages sustained by Plaintiffs.

29.

As a result of the actions of Defendant described herein, Plaintiffs are entitled to recover the following nonexclusive damages:

A.  Actual costs of repairs and remediation;

B. Diminution of the value of the Property;

C. Reimbursement for personal repairs of the Property;

D. Actual costs related to personal property manipulation, cleaning, repair, and/or replacement;

E. Additional living expenses;

F. Emergency and temporary repair expenses;

G. Loss of use;

H. Mental anguish and emotional distress;

I. Actual, compensatory, and general damages proximately caused by Defendant's breach of duties and breaches of contract;

J. General, special, and punitive damages under LA R.S. §§ 22:1973 and 22:1982;

K. Reasonable attorney's fees and costs pursuant to LA R.S. § 22:1982;

L. Costs of prosecution of this action and judicial interest of all damages from the date of judicial demand until paid; and

M. Costs of retaining expert witnesses including, but not limited to: public adjusters, appraisers, engineers, or other consultants.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs pray that Defendant be served with a copy of this Complaint and be duly cited to appear and answer all the allegations contained therein, and after the expiration of all legal delays and proper legal proceedings, there be a judgment entered in favor of Plaintiffs and against Defendant in an amount that will fully and fairly compensate Plaintiffs pursuant to the evidence and in accordance with the law, all sums with legal interest thereon, from the date of

judicial demand until fully paid, for all costs of these proceedings, and for all general and equitable

relief.

**PLAINTIFFS DEMAND TRIAL BY JURY ON ALL CLAIMS SO TRIABLE.**

RESPECTFULLY SUBMITTED,

By: *Rachel Jokinen*
RACHEL JOKINEN
Louisiana Bar Roll No.: 39926
**KANDELL, KANDELL & PETRIE, P.A.**
Attorneys for Plaintiff
2665 S. Bayshore Drive, Suite 500
Miami, Florida 33133
Telephone: (305) 858-2220
rachel@kkpfirm.com
lagroup@kkpfirm.com

**Service will be made upon Defendant:**

**CERTAIN UNDERWRITERS AT LLOYD'S, LONDON**
*Through its agent for service of process*
*Louisiana Secretary of State*
8585 Archives Avenue
Baton Rouge, Louisiana 70809